IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD H. LOWRANCE                                                        PLAINTIFF

VS.                          CIVIL NO. 04-2282

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION           DEFENDANT

## MEMORANDUM OPINION

Richard Lowrance (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for supplemental security income benefits ("SSI"), under Title XVI of the Act.

**Background:**

The application for SSI now before this court was protectively filed on August 5, 2002,[1] alleging an onset date of August 5, 2002, due to emphysema, poor vision, and arthritis. (Tr. 98-101, 192). An administrative hearing was held on September 30, 2003. (Tr. 391-420). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on September 30, 2003, plaintiff was forty-seven years old and possessed a seventh grade education. (Tr. 394). The record reveals that he had past relevant work ("PRW"), as an oil field construction worker and a farm worker. (Tr. 19).

On December 12, 2003, the Administrative Law Judge ("ALJ"), found that plaintiff had

---

[1]Plaintiff had filed prior applications for SSI on January 8, 1998; October 15, 1998; and, January 6, 2001. (Tr. 87-88, 90-95). There claims were denied at the initial and reconsideration levels without further appeal. (Tr. 18, 31-38, 43-46, 53-54, 57-58).

severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 27). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform a wide range of sedentary to light work activities, limited by his ability to only stand and walk for two hours during an eight-hour workday; an ability to only occasionally crouch and climb; and, the inability to squat crawl, perform activities over shoulder level with the right arm, work in a job requiring excellent vision, and work around concentrated exposure to chemicals, dust, smoke, fumes, and extreme cold temperatures. (Tr. 25-27). With the assistance of a vocational expert ("VE"), the ALJ determined that plaintiff was unable to perform her PRW. (Tr.27-28). However, he concluded that plaintiff could still perform the positions of assembler and hand packer. (Tr. 28).

On August 5, 2004, the Appeals Council declined to review this decision. (Tr. 4-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

2

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental

3

AO72A
(Rev. 8/82)

impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council, which was considered prior to its denial of review. (Tr. 4-8). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

4

In the present case, plaintiff presented additional medical records to the Appeals Council, including a mental status examination completed by Dr. Steve Shry on May 15, 2004. (Tr. 378). Intelligence testing revealed that plaintiff had a full scale I.Q. of fifty-nine, placing him in the upper end of moderate mental retardation. (Tr. 379). Dr. Shry noted that he was quite low in all areas of cognitive functioning, with particular weakness in arithmetical reasoning, verbal abstractions, and comprehension and judgment. He also concluded that plaintiff could not "see" visual-spatial patterns or arrange objects into part-whole relationships. Based on this information, Dr. Shry determined that plaintiff would have difficulty managing his own funds, and would require some assistance. (Tr. 380).

Given plaintiff's seventh grade education, his PRW, and his inability to read or write, it is clear to this court that the additional information detailing plaintiff's subnormal I.Q. would have impacted the ALJ's decision. (Tr. 394, 401). Further, because the United States Court of Appeals for the Eighth Circuit has "previously concluded that borderline intellectual functioning . . . is a significant nonexertional impairment that must be considered by a vocational expert," we believe that remand is necessary to allow the ALJ to present this evidence to a vocational expert. *See Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). Therefore, on remand, the ALJ is directed to recall the vocational expert, and include plaintiff's I.Q. results in the hypothetical question posed to the expert.

We also note that the ALJ determined that plaintiff had a "limited education." (Tr. 25-26). However, the term limited education implies that the person has some ability in reasoning, arithmetic, and language skills, although it does not require the level of skill necessary to complete most of the complex job duties required of semi-skilled or skilled jobs. 20 C.F.R. §§ 404.1564(b)(3),

416.964(b)(3). Generally a person with a seventh grade through eleventh grade education is considered to have a limited education. *Id*. "The regulations make clear, however, that classroom years are not the final word in determining education level: 'the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no evidence to contradict it, we will use your numerical grade level to determine your educational abilities.'" *Smith v. Shalala*, 46 F.3d 45, 46 (8th Cir. 1996) (quoting 20 C.F.R. § 404.1564(b)).

Here, the additional evidence reveals that plaintiff was limited in all areas of cognitive functioning, with particular weakness in arithmetical reasoning, verbal abstractions, and comprehension and judgment. (Tr. 379). As such, we believe that these limitations would impact the level of education plaintiff is found to have, and in turn, affect the types of positions he is able to perform. Accordingly, on remand, the ALJ is directed to reevaluate plaintiff's level of education.

Additionally, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a wide range of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 423-432). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See*

AO72A
(Rev. 8/82)

*Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of March 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)